GLADYS T. CLEVELAND, APPELLANT, v. UNITED STATES TRUST COMPANY OF NEW YORK, TRUSTEE, ETC., ET AL., RESPONDENTS.

Argued October 25, 1929—Decided May 19, 1930.

On appeal from the Supreme Court, in which the Chief Justice rendered the following opinion:

"I have reached the following conclusions upon the motion to vacate the writ of attachment. The second, third and

fourth grounds upon which the motion is rested set out matters in which the United States Trust Company, as garnishee, has no interest whatever—that is, matter which relate solely to the rights and obligations of Gladys T. Cleveland and Guy C. Cleveland, the parties to the suit, as between themselves. This being so, the garnishee is not entitled to a rule vacating the attachment upon either of these grounds.

"The validity of the first ground upon which the motion is rested—namely, that the surrogate of Essex county was not the legally authorized agent of the United States Trust Company, upon whom a writ of attachment could be served in a suit by the present plaintiff against one of the beneficiaries under the will of George Cleveland, depends upon the scope of the powers conferred upon the surrogate by the letter of attorney given to him by the United States Trust Company, executor under that will. The pertinent language is as follows: 'do hereby make, constitute and appoint Isaac Shoenthal, surrogate of the county of Essex in the State of New Jersey, and his successors in office, my true and lawful attorney upon whom may be served all original process in any action at law, or in equity, against the aforesaid estate of George Cleveland, deceased.' This language, as I read it, clearly limits the power of the surrogate to represent the executor to actions brought against the estate of the decedent— i. e., against the executor thereof—and does not include a right to represent the executor in a suit brought, not against the decedent's estate, but against one of the beneficiaries named in the will of the decedent. This question was apparently not involved in any of the cases cited in the briefs submitted to me. My consideration of it leads me to the conclusion that the theory upon which the so-called levy under the writ of attachment was based is unsound, for the reason that I have indicated; that the levy was absolutely null and void; and that the alleged garnishee is entitled to be relieved from any apparent obligation arising out of the service of the writ upon the surrogate.

"For the reasons stated the motion to vacate the writ will be granted."

564

For the appellant, *Horace Stetson* and *Henry T. Stetson.*

For the respondents, *J. Harry Hull.*

PER CURIAM.

The judgment under review herein should be affirmed, for reasons expressed in the opinion delivered by Chief Justice Gummere in the Supreme Court.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ.  14.

*For reversal*—None.